<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MORRIS BROADIE, | : | Civil No. 09-3558 (RBK) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| | : | |
| Respondent. | : | |

**Robert B. Kugler**, District Judge:

This matter is before the Court upon Morris Broadie's
("Petitioner") petition for habeas corpus relief, pursuant to 28
U.S.C. § 2241. Petitioner prepaid his filing fee. For the
reasons stated below, the Court will dismiss the Petition.

**I.   BACKGROUND**

Petitioner is a federal inmate presently confined at the
F.C.I. Fort Dix in New Jersey. Petitioner is serving a 120-month
sentence imposed on December 20, 2004, and amended on September
8, 2006, and October 30, 2008, based on his guilty plea to
Unlawful Possession with Intent to Distribute 50 Grams or More of
Cocaine Base. See United States v. Broadie, Crim. No. 04-0218
(RBW) (D.D.C. filed May 4, 2004). Petitioner filed a § 2241
Petition seeking

> an order requiring the Federal Bureau of
> Prisons to award petitioner a two for one

1

> time credit for everyday served in the U.S.
> Marshal hold at the Northeast Ohio
> Correctional Center (NEOCC) in Youngstown,
> Ohio: Specifically, petitioner complains that
> the conditions at the "NEOCC" borderline on
> cruel and unusual punishment and this has
> caused petitioner to serve a more onerous
> period of incarceration, than that which was
> contemplated by the sentencing Court.
>
> The relief for this undue hardship is to
> order the Bureau of Prison to credit
> petitioner a Federal sentence at a 2 to one
> ratio for time petitioner ha[s] served in the
> "NEOCC" U.S. Marshal holding area aw[a]iting
> either, transfer to a Bureau of Prisons
> facility or completion of the[] Federal
> sentence.  In the alternative petitioner
> humbl[y] moves this Honorable Court to credit
> his Federal sentence at a 2 to 1 ration
> through a sentence modification order for the
> time petitioner has served at "NEOCC" U.S.
> Marshal hold over in connection with his
> federal sentence.

(Pet. at pp. 1-2.)

Petitioner states that he has not exhausted administrative remedies available within the Bureau of Prisons because exhaustion would be futile.  (Pet. at p. 2.)  The sole respondent is the Warden of FCI Fort Dix.

## II.   DISCUSSION

### A.   Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a
> prisoner unless- . . . He is in custody in
> violation of the Constitution or laws or treaties
> of the United States.

28 U.S.C. § 2241(c)(3).

To the extent that Petitioner wants this Court to reduce the term of the sentence imposed, the Petition will be dismissed for lack of jurisdiction.  Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court (which is not the sentencing court) unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.[1]  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F. 3d at 251.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court

---

[1] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

does not grant relief, the one-year statute of limitations has
expired, or the petitioner is unable to meet the stringent
gatekeeping requirements of the amended § 2255.  The provision
exists to ensure that petitioners have a fair opportunity to seek
collateral relief, not to enable them to evade procedural
requirements."  Cradle, 290 F.3d at 539.

     In this case, because the sentencing court could have
entertained Petitioner's claims to reduce his sentence based on
the time he was incarcerated in the Ohio facility, § 2255 is not
inadequate or ineffective to challenge Petitioner's detention.
See United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684
(3d Cir. 1954).  To the extent Petitioner seeks to challenge the
sentence, this Court will dismiss the Petition for lack of
jurisdiction.

**B.  Calculation of Sentence**

     To the extent that Petitioner wants this Court to direct the
Bureau of Prisons ("BOP") to recalculate his release date and to
release him sooner as a result of the conditions of confinement
at the Ohio facility, this Court would have subject matter
jurisdiction over the claim, provided Petitioner challenged the
calculation of his sentence on a federal ground.  However, in
that case, this Court will dismiss the Petition for failure to
exhaust available administrative remedies.  While the exhaustion
requirement is not jurisdictional or statutory, it is diligently

4

enforced by the federal courts.  See Moscato v. Federal Bureau of
Prisons, 98 F.3d 757, 760-62 (3d Cir. 1996) (noting that "a
procedural default in the administrative process bars judicial
review because the reasons for requiring that prisoners
challenging disciplinary actions exhaust their administrative
remedies are analogous to the reasons for requiring that they
exhaust their judicial remedies before challenging their
convictions; thus, the effect of a failure to exhaust in either
context should be similar"); see also Callwood v. Enos, 230 F.3d
627, 634 (3d Cir. 2000) ("we have consistently applied an
exhaustion requirement to claims brought under § 2241").  In
order for a federal prisoner to exhaust his administrative
remedies, he must comply with 28 C.F.R. § 542.  See 28 C.F.R. §
542.10.  The BOP's Administrative Remedy Program is a three-tier
process available to inmates confined in institutions operated by
the BOP who "seek formal review of an issue relating to any
aspect of his/her confinement."  28 C.F.R. § 542.10(a).  An
inmate must generally attempt to informally resolve the issue by
presenting it to staff in a BP-8 form.  See 28 C.F.R. § 542.13.
If the issue is not informally resolved, then the inmate may
submit a request for administrative remedy (BP-9) to the Warden.
See 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the
Warden's response may appeal to the Regional Director (BP-10),
and an inmate dissatisfied with the Regional Director's decision

may appeal to the General Counsel in the Central Office (BP-11).
See 28 C.F.R. § 542.15(a).  Appeal to the General Counsel is the
final administrative appeal.  Id.  The regulations further
provide that the Warden shall respond within 20 calendar days;
the Regional Director shall respond within 30 calendar days; and
the General Counsel shall respond within 40 calendar days.  See
28 C.F.R. § 542.18.  And the regulation provides that if the
inmate does not receive a response within the time allotted for
reply, then the inmate may consider the absence of a response to
be a denial at that level.  Id.  See Sharpe v. Costello, 289 Fed.
App'x 475 (3d Cir. 2008).

Here, Petitioner concedes that he did not exhaust
administrative remedies.  He asserts that exhaustion would be
"futile" because Respondent is "unable to afford the [P]etitioner
the relief he seeks."  (Docket Entry No. 1, at 2.)  Petitioner
errs.  The United States Court of Appeals for the Third Circuit
requires administrative exhaustion of a claim raised under § 2241
for three reasons: "(1) allowing the appropriate agency to
develop a factual record and apply its expertise facilitates
judicial review; (2) permitting agencies to grant the relief
requested conserves judicial resources; and (3) providing
agencies the opportunity to correct their own errors fosters
administrative autonomy."  Moscato, 98 F. 3d at 761-62.
Petitioner has provided no basis to substantiate his conclusion

6

that exhaustion would be futile.  Moreover, where Petitioner has
not presented his request for a shortened term to the BOP, there
is no administrative determination, final or otherwise, for this
Court to review.  This Court sees no reason to excuse
Petitioner's failure to exhaust the BOP's administrative remedy
program.[2]  To the extent that Petitioner challenges the BOP's
calculation of his release date, this Court will dismiss the
Petition for failure to exhaust administrative remedies.  <u>See</u>
<u>Gant v. Warden of FCI Fort Dix</u>, 2009 WL 2634619 (D.N.J. Aug. 24,
2009).

## III. CONCLUSION

For the reasons set forth above, the Petition will be
dismissed.

An appropriate Order accompanies this Opinion.

**ROBERT B. KUGLER**
**United States District Judge**

Dated: 10·21-09

---

[2] Petitioner's projected release date is January 20, 2013.
<u>See</u> Inmate Locator, Fed. Bureau of Prisons, <u>http://www.bop.gov</u>
/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=f
alse&IDType=IRN&IDNumber=27454-016&x=61&y=12 (last accessed Oct.
19, 2009).